EASTERN DIST.
*April*, 1835.

GRAVIER'S
CURATOR
*vs.*
CARABY'S EX'R.

## GRAVIER'S CURATOR *vs.* CARABY'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A *mandamus* will not be awarded to compel the judge *a quo*, to allow an appeal from an interlocutory order which refuses to the defendant six months delay to procure papers and prepare his answer, when he can be relieved on an appeal from the final judgment, on showing that the judge erred in refusing him the delay asked for.

The defendant will not be allowed an appeal from an interlocutory order or decree, in order to avoid an appeal from the final judgment which may be rendered against him, because he may not be able to give security and procure a suspensive appeal.

Security must be given in every case according to law, in order to obtain a suspensive appeal, although it be a constitutional right.

This case comes before the court on an application for a *mandamus* to compel the judge of probates to allow an appeal from an interlocutory order.

The defendant alleges he is sued as the executor of Antoine Caraby in relation to transactions had with his testator and the late Jean Gravier, as far back as 1810. That his testator died in Paris, in 1832, where most of his papers are deposited; and that he, the executor, is wholly ignorant of the transactions out of which the plaintiff's demand has arisen. He filed his affidavit setting out all the facts and circumstances attending his case; and took a rule on the plaintiff, to show cause, why a judgment, which had already been rendered by default, should not be set aside, and that a delay of six months be allowed him to send to France and procure the necessary papers, to enable him to prepare his answer and make out his defence. On the hearing of this rule, the judge of Probates made an order discharging it and refusing the delay asked for. The defendant prayed an appeal, which was also refused.

EASTERN DIST.
*April, 1835.*

GRAVIER'S
CURATOR
*vs.*
CARABY'S EX'R.

The counsel for the defendant applied to the Supreme Court and obtained a rule on the judge of probates to show cause why a writ of *mandamus* should not issue commanding him to allow and send up the appeal as prayed for.

The judge showed for cause, that no appeal lies from an order refusing the defendant six months to answer the petition of the plaintiff. No appeal lies, except from final judgments; or from interlocutory judgments, when they cause an irreparable injury. *Code of Practice, 565 and 566. Merlin's Rep. de jur. verbo, interlocutoire.*

2. The application for the delay to file an answer to the merits, was not made until after judgment by default, when according to law such an application could not be received. *Code of Practice, 316.*

3. The question of granting this delay was discretionary with the court, and as this respondent believes, was not necessary for the purposes of justice.

4. After filing the answer, the defendant might, according to law and the rules of court, have obtained a commission to procure the evidence necessary to his defence, if such existed.

5. From the showing made, this respondent was induced to believe that procrastination was the chief object in asking for the delay.

6. The facts alleged on behalf of the defendant to obtain the *mandamus* are sworn to by his counsel and not by the defendant, as is required by law. *Code of Practice, article, 840.*

*D. Seghers,* for the defendant in support of the application for the *mandamus.*

*Martin, J.,* delivered the opinion of the court.

The counsel for the defendant obtained a rule in this court on the judge of the Court of Probates, for the parish and city of New-Orleans, to show cause why a writ of *mandamus* should not issue commanding him to allow an appeal from a judgment discharging a rule taken on the plaintiff; to show cause why a judgment by default should not be set aside and

A *mandamus* will not be awarded, to compel a judge *a quo* to allow an appeal from an in-

EASTERN DIST. six months allowed him, the defendant, to prepare and file
*April,* 1835. his answer in.

GRAVIER'S
CURATOR
*vs.*
CARABY'S EX'R.

terlocutory or-
der, which re-
fuses to the
defendant six
months delay, to
procure papers
and prepare his
answer, when he
can be relieved
on an appeal
from the final
judgment, on
showing that the
judge erred in
refusing him the
delay asked for.

The defendant
will not be al-
lowed an appeal
from an interlo-
cutory order or
decree, in order
to avoid an ap-
peal from the fi-
nal judgment
which may be
rendered against
him, because he
may not be able
to give security
and procure a
suspensive ap-
peal.

Security must
be given, in ev-
ery case, accord-
ing to law, in or-
der to obtain a
suspensive ap-
peal, although it
be a constitu-
tional right.

The judge of probates appeared and showed for cause why the *mandamus* should not issue : 1st. That the appeal prayed for, is from an interlocutory order, which may indeed be productive of delay, but cannot occasion any other injury not susceptible of being redressed or relieved against, by an appeal from the final judgment, which might intervene. The order complained of, was one refusing to the defendant a delay of six months, in order to send to France for certain papers, which are alleged and deemed necessary, before filing an answer, to establish the defence of the case.

The judge stated the motives of his refusal, which it is now unnecessary to examine. If the final judgment be against the defendant, and he sees fit to appeal therefrom, there cannot be a doubt of his right to obtain relief, if he can show that the judge erred in refusing him the delay he requested.

It has, however, been urged by the defendant's counsel in the argument of this case, that the defendant may possibly be precluded from relief in this court in case of a final judgment being given against him, by his inability to procure the necessary security to obtain a suspensive appeal.

This argument proves too much. For it was admitted an appeal might be claimed from every interlocutory decree.

The legislature has presumed that every one, who has a claim to be relieved on appeal to this court, is able to give security. This is required by law ; and no provision has been made for a contrary case. Nothing, therefore, enables us to remove the obstacle, which the law has created in this respect, to the exercise of a constitutional right.

The rule is therefore discharged with costs.